IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN THE MATTER OF BROOKE MCINTOSH CRUMP, ATTORNEY | No. 1:22-CV-484 |

**MEMORANDUM ORDER**

This is a North Carolina State Bar disciplinary action that Plaintiff Brooke McIntosh Crump removed to this court, alleging removal jurisdiction pursuant to 28 U.S.C. § 1441(a). (Doc. 1.) Before the court are several motions stemming from the disciplinary proceedings against Crump. The North Carolina State Bar Office of Counsel ("State Bar") moves to remand this action to the Montgomery County Superior Court of North Carolina from which it was removed. (Doc. 7.) Crump opposes the motion and contends that this court has jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1; Doc. 15.) Crump also moves to seal this case (Docs. 2, 3), asks the court to quash a subpoena (Doc. 12), requests leave to file a second supplemental and amended motion to quash the subpoena and a belated memorandum (Doc. 16), and moves to temporarily restrain the State Bar from acting against her (Doc. 17). For the reasons set forth below, the State Bar's motion to remand for want of subject matter jurisdiction (Doc. 7) will be granted and all remaining motions will be denied as moot.

## I. BACKGROUND

On June 6, 2022, Chief District Judge John Nance of North Carolina Judicial District 20A moved the Montgomery County Superior Court Division for an order to show cause why Crump should not be disciplined for allegations of professional misconduct against her. (Doc. 1-1 at 7-18.) On June 7, 2022, the Montgomery County Superior Court issued an order to show cause, appointed the State Bar as counsel to prosecute the action, and ordered Crump to appear to address the allegations. (Id. at 3-5.) Allegations against her include, among others, displays of incompetence, multiple instances of impugning the integrity of a judge, deceit before a tribunal, and the filing of frivolous motions. (Id. at 7-19.)

Crump removed the state show cause action to the present court on June 23, 2022, asserting that this court has original jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1.) Crump contends that in March 2021, Judge Nance suspended her from the "Court-appointed list" because of an ongoing investigation by the State Bar. (Id. at 1.) She asserts that she was unaware of a pending matter against her until July 2021 when a judicial liaison served her with a grievance from the State Bar. (Id.) Crump was served with another grievance in September 2021. (Id. at 2.) Crump has responded to both. (Id.)

2

Crump contends that "she ha[d] reason to believe that two district court judges," namely Judges John Nance and Tou Vang, were involved with the "eight issues/grievances against her." (Doc. 1 at 2.) She moved in state court for Judges Nance and Vang to recuse themselves from "all her matters due to perceived bias impacting Respondent's clients' substantive and procedural rights to due process." (Id.) Ultimately, Judge Nance recused himself, and Judge Vang was recused from Crump's pending matters. (See id.)

Crump's removal notice alleges that the North Carolina state courts and the State Bar violated her "substantive and procedural rights to due process when they acted in concert with the other" without a "basis for their actions." (Doc. 1 at 4.) She contends that the "action as it currently exists violates her substantive and procedural rights to due process arising under the Constitution." (Id.) Examples of these constitutional violations, Crump argues, include ordering her to appear to show cause and causing a "chilling effect on her speech and zealous advocacy for her clients." (Id.) Finally, Crump contends that this is a "uniquely federal interest" because the "professional rules of conduct" have a "gender normed standard" that creates a gender bias in recusal motions. (Id. at 6.)

The State Bar moved to remand this action to the Montgomery County, North Carolina Superior Court. (Doc. 7.) The State Bar

3

contends that this action arises under state law only and that the authority to impose sanctions against officers of the court reposes in the State judiciary. (Id. at 1.) The State Bar argues that this action belongs in state court and that this court lacks subject matter jurisdiction. (See generally Docs. 7, 8.)

**II. ANALYSIS**

If a cause of action arises under applicable federal law, a federal court possesses subject matter jurisdiction, and removal may be proper. Mayor & City Council of Baltimore v. BP P.L.C., 31 F.4th 178, 198 (4th Cir. 2022); 28 U.S.C. § 1331 (2011) ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") Subject matter jurisdiction must be met at the time the case was removed from state court. Wisc. Dep't of Corr. v. Schact, 524 U.S. 381, 390 (1998); Moffitt v. Residential Funding Co., LLC, 604 F.3d 156, 159 (4th Cir. 2010) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996) (noting that jurisdiction must be assessed at the time the petition for removal was filed.) The party seeking removal bears the burden of proving jurisdiction by a preponderance of the evidence. Zoroastrian Center & Darb-E-Mehr of Metropolitan Washington, D.C. v. Rustam Guiv Foundation of New York, 822 F.3d 739, 748 (4th Cir. 2016) (citing Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F. 3d 148, 151 (4th Cir. 1994)).

Pursuant to the well-pleaded complaint rule, a suit arises under federal law and raises a federal question only when the plaintiff's statement of his own cause of action shows that it is based on the Constitution or federal law. Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908). However, "a defense is not part of a plaintiff's properly pleaded statement of his claim." Nordan v. Blackwater Security Consulting, LLC, 382 F. Supp. 2d 801 (E.D.N.C. Aug. 11, 2005) (citing Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Thus, "a case may not be removed to federal court on the basis of a federal defense." Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 14 (1983). Similarly, a federal counterclaim cannot establish federal question jurisdiction. See Vaden v. Discover Bank, 556 U.S. 49, 61 (2009) (finding that "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim.") (citing Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002).

Crump contends that she has met her burden of showing subject matter jurisdiction because "the underlying cause of action at issue is whether . . . [her] Due Process rights have been violated." (Doc. 15 at 2.) This is incorrect. The show cause order against her alleges multiple violations of state law and state professional standards. (See, e.g., Doc 1-1 at 8) (alleging that Crump violated Rules 1.1 and 3.1 of the North Carolina Rules

5

of Professional Conduct.)  The only possible federal issue Crump mentions from the disciplinary proceeding against her is the State Bar's allegation that her "interpretation of the Internal Revenue Code violated the Professional Rules of Conduct." (Doc. 1 at 4.) But this is merely an allegation that Crump violated the North Carolina Professional Rules of Conduct and does not render the disciplinary claim against her as "arising under" federal law. Moreover, to the extent Crump argues she has federal constitutional defenses to the state disciplinary action against her, she is simply attempting to raise a defense or counterclaim based on a federal claim and is an insufficient basis for removal. Franchise Tax Bd. Of Cal., 463 U.S. at 14 ("a case may not be removed . . . on the basis of a federal defense"); Vaden, 556 U.S at 61; Holmes Group, Inc., 535 U.S. at 831 (federal question jurisdiction cannot rest on a counterclaim).  Consequently, the court lacks subject matter jurisdiction over this case, and the State Bar's motion to remand will be granted.[1]

### III. CONCLUSION

For the reasons stated,

---

[1] While Crump does not invoke it, her claim of gender bias fails to provide a basis for removal under 28 U.S.C. § 1443. See, e.g., 28 U.S.C. § 1443 (allowing a party to remove civil actions and criminal prosecutions to a federal district court "[f]or any act under color of authority derived from any law providing for equal rights"); Vlaming v. West Point School Board, 10 F.4th 300, 308-09 (4th Cir. 2021) (noting that § 1443 applies only to laws concerning racial equality) (citing Georgia v. Rachel, 384 U.S. 780 (1966)).

IT IS THEREFORE ORDERED that the State Bar's motion to remand (Doc. 7) is GRANTED for lack of subject matter jurisdiction, and the case is REMANDED to the General Court of Justice, Superior Court Division, Montgomery County, North Carolina.

IT IS FURTHER ORDERED that Crump's remaining motions to seal (Docs. 2, 3), motion to quash (Doc. 12), motion for leave to file a second supplemental and amended motion and belated memorandum (Doc. 16), and motion for a temporary restraining order (Doc. 17) are DENIED WITHOUT PREJUDICE as MOOT in so far as the court lacks subject matter jurisdiction over this action.

/s/   Thomas D. Schroeder<br>United States District Judge

September 27, 2022